■ In the Matter of 30TH AVE. FRUIT MARKET, INC., Respondent, v CITY OF NEW YORK DEPARTMENT OF CONSUMER AFFAIRS, Appellant. [727 NYS2d 172] —In a proceeding pursuant to CPLR article 78 to review a determination of the City of New York Department of Consumer Affairs, dated November 30, 1999, which affirmed an order of an Administrative Law Judge dated October 18, 1999, made after a hearing, revoking the petitioner's stoop-stand license and imposing a fine in the sum of $1,000, the appeal, as limited by the appellant's brief, is from so much of a judgment of the Supreme Court, Queens County (Golia, J.), dated June 29, 2000, as granted the petition to the extent of modifying the determination by reducing the penalty imposed to a 60-day suspension and a $500 fine.

Ordered that the judgment is reversed insofar as appealed from, with costs, the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits.

Based upon the uncontroverted evidence in the record that the petitioner willfully and continually violated the same Administrative Code of the City of New York provisions regarding the use of a "stoop line stand" in front of its store, it cannot be said that the respondent's determination to revoke the petitioner's license to operate such a stand and to impose a fine in the sum of $1,000 was so disproportionate to the offense as to shock one's sense of fairness (*see, Matter of Purdy v Kreisberg,* 47 NY2d 354; *Matter of Pell v Board of Educ.,* 34 NY2d 222). Accordingly, the Supreme Court erred in modifying the penalty imposed. Krausman, J. P., Florio, Feuerstein and Cozier, JJ., concur.